## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KIM LANDRY WILLIAMS
ADC #132269                                                              PLAINTIFF

V.                              5:07CV00188 JLH/JTR

WILLIAM E. TERRY, 309 Coordinator,
Arkansas Department of Correction, et al.                    DEFENDANTS


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Kim Landry Williams, who is currently incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights.  *See* docket entry #2.  Defendants have filed a Motion to Dismiss and a Brief in Support, to which Plaintiff has filed a Response.  *See* docket entries #19, #20, #23 and #24.  For the reasons set forth herein, the Court recommends that the Motion to Dismiss be granted, and that this case be dismissed, with prejudice.

## II.  Discussion

In their Motion to Dismiss, Defendants argue that:  (1) they are entitled to sovereign immunity from Plaintiff's request for monetary damages; and (2) Plaintiff has failed to state a claim upon which relief may be granted.  *See* docket entries #19 and #20.  The Court will address each

argument separately.[1]

## A.      Sovereign Immunity

Although Plaintiff has requested both monetary damages and injunctive relief in his Complaint, he does not specify the capacity in which he was suing the Defendants. *See* docket entry #2. Thus, Defendants argue that Plaintiff's request for damages should be dismissed because: (1) it must be presumed that they are being sued in their official capacities only; and (2) it is well settled that a plaintiff cannot obtain damages in § 1983 against a defendant in his or her official capacity.[2] *See* docket entries #19 and #20. Defendants' argument is now moot because Plaintiff has been granted permission to amend his Complaint to clarify that he is suing Defendants in their individual and official capacities.

## B.      Failure to State A Claim

In his Complaint, Plaintiff alleges, among other things, that his due process rights were violated when he was transferred to the Maximum Security Unit as a result of being found guilty of a disciplinary charge on December 12, 2006. *See* docket entry #2. Upon initial screening, the Court

---

[1]The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[2] S*ee Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir. 1995) (holding that: "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"); *Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005)(clarifying that a plaintiff cannot from obtaining monetary damages from a state defendant named in his or her official capacity).

concluded that there was not enough information to determine whether Plaintiff had stated a viable due process claim pursuant to the holding in *Wilkinson v. Austin*, 545 U.S. 209 (2005). *See* docket entries #5 and #8. Accordingly, the Court directed service on that claim and dismissed Plaintiff's other claims. *Id.*

In their current Motion, Defendants argue that Plaintiff has failed to state a viable due process claim. *See* docket entries #19 and #20. Under controlling case law, the Court concludes that Defendants' argument has merit.

In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court held that a prisoner does <u>not</u> have a liberty interest in avoiding a more restrictive form of confinement unless the new assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The Court went on to conclude that a thirty-day assignment to administrative segregation did not satisfy this standard. *Id.*

Consistent with *Sandin*, the Eighth Circuit has held that a temporary assignment to administrative segregation, with the temporary loss of certain privileges while in segregation, are *not* the kind of "atypical and significant" deprivations that create a liberty interest and give rise to any due process rights. *See, e.g., Phillips v. Norris,* 320 F.3d 844, 847-48 (8th Cir. 2003) (holding that <u>37 days</u> in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that <u>30 days</u> in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that <u>30 days</u> in punitive isolation – resulting in the loss of working, mailing, commissary, and telephone privileges – was not an atypical and significant hardship under *Sandin*); *Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th

-4-

Cir. 1996) (no liberty interest arising where a prisoner served <u>45 days</u> in administrative segregation before disciplinary decision was reversed); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that <u>135 days</u> in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" was not an atypical and significant hardship).

In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Court recognized that an *indefinite assignment* to a *super-max facility* could result in atypical and significant hardships sufficient to implicate a *Sandin* liberty interest capable of supporting a due process claim.  However, the Court narrowly limited its holding to the facts in that case.  Specifically, the Court found that a liberty interest was at stake because the conditions at the super-max facility were the most restrictive in the prison system, placement there was indefinite, and inmates lost their parole eligibility.[3]  *Id*. at 223-24 (emphasizing that: "While any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional content").  More importantly, even though the inmates had a liberty interest at stake in avoiding assignment to a super-max facility, the Court concluded that the prison had afforded the

---

[3] As to the restrictive conditions in the super-max facility, the Court noted that: "Inmates must remain in their cells, which measure 7 by 14 feet, for 23 hours per day. A light remains on in the cell at all times, though it is sometimes dimmed, and an inmate who attempts to shield the light to sleep is subject to further discipline. During the one hour per day that an inmate may leave his cell, access is limited to one of two indoor recreation cells. Incarceration at OSP is synonymous with extreme isolation. In contrast to any other Ohio prison, including any segregation unit, OSP cells have solid metal doors with metal strips along their sides and bottoms which prevent conversation or communication with other inmates. All meals are taken alone in the inmate's cell instead of in a common eating area. Opportunities for visitation are rare and in all events are conducted through glass walls. It is fair to say OSP inmates are deprived of almost any environmental or sensory stimuli and of almost all human contact." *Wilkinson*, 545 U.S. at 214.

prisoners sufficient due process by giving them notice, a hearing, and a right to appeal.  *Id.* at 215.

In their Motion to Dismiss, Defendants clarify (and Plaintiff does not contest) that: (1) Plaintiff was placed in administrative segregation at a maximum security unit for only *thirty days*; and (2) he was *not* placed in the ADC's *super-max facility*.  *See* docket entries #2, #19, #20, and #23. Thus, consistent with *Sandin* and its progeny, Plaintiff did not have a liberty interest capable of supporting a due process claim.  Moreover, even if the Court were to presume that Plaintiff did have a liberty interest at stake, the parties agree that Plaintiff was given notice, a hearing, and an opportunity to appeal his disciplinary conviction, which is all that *Wilkinson* requires.  Accordingly, the Court concludes that this case should be dismissed, with prejudice, because Plaintiff has failed to state a claim upon which relief may be granted

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion to Dismiss (docket entry #19) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[4]

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

---

[4] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

in good faith.

Dated this 12th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE